UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DAVID DEODATUS NDUNGURU,
  A#200-887-260,

Petitioner

v                                                          Civil Action No. CCB-19-2551

WARDEN DONNA BOUNDS, *et al.*,

Respondents

## MEMORANDUM OPINION

Petitioner David Deodatus Ndunguru filed this Petition for Writ of Habeas Corpus on September 4, 2019, alleging that he had been detained pending removal from this country and that the length of his detention surpassed the presumptively reasonable period of time for detention pending removal under *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1. Petitioner sought immediate release during the pendency of deportation proceedings initiated by the United States Immigration and Customs Enforcement ("ICE"). *Id.*

On October 18, 2019, Respondent filed an answer arguing that the Petition should be dismissed for lack of subject matter jurisdiction. ECF No. 4. Specifically, Respondent asserts that the instant dispute is now moot because ICE obtained a travel document and removed Petitioner from the United States to Tanzania on September 24, 2019. *Id.* at p. 5.

For the reasons set forth below, the Petition will be DISMISSED as moot.

### I. Factual Background

The facts of this case are undisputed. Petitioner, a native and citizen of Tanzania, was admitted to the United States on May 16, 2009, as a nonimmigrant. *See* ECF 1-1, Notice to Appear, p. 19. He remained in the United States beyond six months without authorization from the

Department of Homeland Security ("DHS"). *Id.* On May 13, 2016, Petitioner was convicted of robbery in the Circuit Court for Prince George's County, Maryland and sentenced to 10 years of imprisonment. *Id.*; ECF No. 1, p. 4.

On October 16, 2017, DHS found Petitioner was subject to removal under the Immigration and Nationality Act ("INA") § 237(a)(1)(B) for remaining in the United States for a time longer than permitted, and § 237(a)(2)(A)(iii) of the INA for being convicted of an aggravated felony. *Id.*; ECF No. 1, p. 3. ICE detained Petitioner on May 30, 2018. ECF No. 1, pp. 1 & 4; ECF No. 1-1, p. 9. On June 21, 2018, an immigration judge ("IJ") terminated the removal proceedings without prejudice at the request of DHS. ECF No. 1-1, p. 23. DHS issued a final administrative order of removal on July 3, 2018, ordering Petitioner's removal to Tanzania based on both grounds charged. ECF No. 1, pp. 2 & 4; ECF 1-1, p. 16.

Petitioner was provided a credible fear interview with an asylum officer after expressing reasonable fear of persecution or torture if returned to Tanzania. On July 12, 2018, DHS found that Petitioner established a reasonable fear of persecution if returned to Tanzania. ECF No. 1-1, p. 4. Accordingly, on July 17, 2018, DHS referred Petitioner's case to an IJ. *Id.* at p. 2.

In his immigration proceedings, Petitioner requested withholding of removal under INA § 241(b)(3) and relief under the Convention Against Torture. ECF No. 4-1, IJ Order, p. 2. On November 27, 2018, the IJ denied the requested withholding of removal claim under the INA and relief under the Convention Against Torture. *Id.* Petitioner appealed the IJ's order to the Board of Immigration Appeals, which denied his appeal on May 9, 2019. ECF 1, p. 4; *see also* ECF No. 1-1, p. 1.

ICE reviewed Petitioner's detention status on September 27, 2018, January 22, 2019 and April 8, 2019. ECF 1-1, pp. 5-7; ECF 1, pp. 4-5. Each time, ICE determined that he should remain

detained. *Id.* The January 22 and April 8, 2019 ICE detention decisions advised Petitioner that ICE was working with the government of Tanzania to secure a travel document for his removal, and that a travel document was expected. ECF No. 1-1, p. 5.

Petitioner filed his Petition on September 4, 2019, while he was detained at the Worcester County Jail in Snow Hill, Maryland, after being detained for approximately one year and four months. *See* ECF 1. ICE obtained a travel document and removed Petitioner on September 24, 2019, from the United States to Tanzania. Ex. 1, ICE Warrant of Removal, pp. 3-4.

## II. Standard of Review

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis*, Inc., 519 F.3d 192, 196 (4th Cir. 2008). Thus, the court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

## III. Discussion

Respondent argues that the Petition should be dismissed because Petitioner is no longer in the United States, thus rendering the Petition moot. ECF No. 4. The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages

of review. U.S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," a case is deemed moot. *United States v. Hardy*, 545 F. 3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. App'x. 295 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. App'x. 428 (4th Cir. 2005).

As the government has explained and documented, Petitioner is no longer being detained pending his removal; rather, he has been removed to Tanzania. Thus, the court is unable to remedy the grievance presented in his Petition. As the case is now moot, the court lacks subject matter jurisdiction. Accordingly, the Petition will be dismissed.

### IV. Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus shall be DISMISSED as moot. A separate Order follows.

_____10/22/19_____  _____/S/_____
Date  Catherine C. Blake
  United States District Judge

4